**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| CYNTHIA HEFLING,<br><br>                     Plaintiff,<br><br>v.<br><br>TAYLOR FRESH FOODS, INC., a Delaware corporation; TAYLOR FARMS CALIFORNIA, INC., a Delaware corporation; and ANTHONY COSTA AND SONS, LLC, a California limited liability company,<br><br>                     Defendants. | **Case No.: 4:25-cv-00512-ZMB**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS TAYLOR FRESH FOODS AND TAYLOR FARMS CALIFORNIA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT FOR DAMAGES AND CROSSCLAIMS**

Defendants Taylor Fresh Foods, Inc. and Taylor Farms California, Inc. (collectively "Taylor Farms") hereby respond to the Amended Complaint for Damages ("Complaint") as follows:

### RESPONSE TO PLAINTIFF'S STATEMENT OF PARTIES

1.      On information and belief, Taylor Farms admits the allegations in paragraph 1 of the Complaint.

2.      Taylor Farms admits that Taylor Fresh Foods, Inc. is a corporation organized and existing under the laws of the state of Delaware with its headquarters in Salinas, California. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 2 of the Complaint.

3.      Taylor Farms admits that Taylor Farms California, Inc. is a corporation organized and existing under the laws of the state of Delaware, and that its headquarters are located at 150

Main Street, Suite 500, Salinas, California 93901. Taylor Farms admits it distributes romaine lettuce products nationwide, including to Missouri. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 3 of the Complaint.

4.      Upon information and belief, Taylor Farms admits that Anthony Costa and Sons ("Costa") is a California limited liability company with its principal place of business at 36817 Foothill Road, Soledad, California. Taylor Farms further admits that Costa is a grower of romaine lettuce and has supplied lettuce to Taylor Farms. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 4 of the Complaint.

## RESPONSE TO PLAINTIFF'S STATEMENT OF JURISDICTION AND VENUE

5.      Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and on that basis denies them.

6.      Taylor Farms admits that, based on unproven allegations in the Complaint, Plaintiff's cause of action arose and accrued in the Eastern District of Missouri. Taylor Farms also admits that it sells romaine lettuce products within the State of Missouri. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 6 of the Complaint.

## RESPONSE TO PLAINTIFF'S GENERAL ALLEGATIONS

### An Outbreak of *E. coli* O157:H7 linked to Romaine Lettuce

7.      Paragraph 7 of the Complaint is derived from information provided by PulseNet, which information speaks for itself. On information and belief, Taylor Farms admits that PulseNet reported the information set forth in paragraph 7 of the Complaint. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 7 of the Complaint.

2

8.      Paragraph 8 of the Complaint is derived from information provided by PulseNet, which information speaks for itself. On information and belief, Taylor Farms admits that PulseNet reported the information set forth in paragraph 8 of the Complaint. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 6 of the Complaint.

9.      Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and on that basis denies them.

10.     Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations concerning "the multistate outbreak" referenced in paragraph 10 of the Complaint and on that basis denies them. The remainder of paragraph 10 is derived from information provided by the Center for Disease Control ("CDC"), which information speaks for itself. On information and belief, Taylor Farms admits that CDC reported the information set forth in paragraph 10 of the Complaint. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 10 of the Complaint.

### The *E. coli* 0157:H7 Bacteria

11.     The allegations in paragraph 11 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 11 of the Complaint.

12.     The allegations in paragraph 12 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 12 of the Complaint.

13.     The allegations in paragraph 13 of the Complaint, discussing Shiga toxins, are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 13 of the Complaint.

14.     The allegations in paragraph 14 of the Complaint, discussing the evolution of *E. coli* O157:H7, are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in the second iteration of paragraph 14 of the Complaint.

15.     The allegations in paragraph 15 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms admits that *E. coli* O157:H7 outbreaks have been linked to food sources. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 15 of the Complaint.

16.     The allegations in paragraph 16 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms admits that *E. coli* O157:H7 can cause illness in humans. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 16 of the Complaint

17.     The allegations in paragraph 17 of the Complaint quote or are otherwise derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 17 of the Complaint.

18.     The allegations in paragraph 18 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 18 of the Complaint.

19.     The allegations in paragraph 19 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms admits that *E. coli* O157:H7 is a bacterial strain that can cause gastrointestinal symptoms and complications including Hemolytic Uremic Syndrome (HUS). Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 19 of the Complaint.

20.    The allegations in paragraph 20 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 20 of the Complaint.

21.    The allegations in paragraph 21 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 21 of the Complaint.

22.    The allegations in paragraph 22 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 22 of the Complaint.

23.    The allegations in paragraph 23 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 23 of the Complaint.

24.    Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint and on that basis denies them.

25.    The allegations in paragraph 25 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 25 of the Complaint.

26.    The allegations in paragraph 26 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 26 of the Complaint.

27.    The allegations in paragraph 27 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint quote or are otherwise derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint are derived from written documents whose contents speak for themselves. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 30 of the Complaint.

### Prior Outbreaks Linked to Lettuce and Other Leafy Greens

31. Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and on that basis denies them.

### RESPONSE TO ALLEGATIONS CONCERNING PLAINTIFF'S *E. COLI* ILLNESS

32. Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint and on that basis denies them.

33. Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint and on that basis denies them.

34. Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint and on that basis denies them.

35. Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint and on that basis denies them.

36. Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Complaint and on that basis denies them.

37.     Taylor Farms lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint and on that basis denies them.

## RESPONSE TO PLAINTIFF'S CAUSES OF ACTION

### Strict Liability – Count I

38.     Taylor Farms answers paragraph 38 of the Complaint as it did the allegations incorporated in it.

39.     Taylor Farms admits that it distributes leafy greens. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 39 of the Complaint.

40.     Taylor Farms admits *E. coli* is an adulterant in food. Taylor Farms otherwise denies all allegations, whether express or implied, in paragraph 40 of the Complaint.

41.     Taylor Farms denies the allegations in paragraph 41 of the Complaint.

42.     Taylor Farms admits that it generally has a duty to ensure that the food products it sells are safe and fit for human consumption as contemplated by a reasonable consumer. Taylor Farms denies that it breached this duty. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 42 of the Complaint.

43.     Taylor Farms admits that it generally has a duty to ensure that the food products it sells are safe and fit for human consumption as contemplated by a reasonable consumer. Taylor Farms denies that it breached this duty. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 43 of the Complaint.

44.     Taylor Farms denies the allegations in paragraph 44 of the Complaint. In response to the prayer for relief related to Count I – Strict Liability, Taylor Farms denies that Plaintiff is entitled to any judgment, any of the damages alleged, or any relief whatsoever.

7

## Breach of Warranty – Count II

45.     Taylor Farms answers paragraph 45 of the Complaint as it did the allegations incorporated in it.

46.     Taylor Farms denies the allegations in paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Taylor Farms denies the allegations.

48.     Paragraph 48 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Taylor Farms denies the allegations.

49.     Taylor Farms denies the allegations in paragraph 49 of the Complaint. In response to the prayer for relief related to Count II – Breach of Warranty, Taylor Farms denies that Plaintiff is entitled to any judgment, any of the damages alleged, or any relief whatsoever.

## Negligence – Count III

50.     Taylor Farms answers paragraph 50 of the Complaint as it did the allegations incorporated in it.

51.     Taylor Farms admits that it generally has a duty to ensure that the food products it sells are safe and fit for human consumption as contemplated by a reasonable consumer. Taylor Farms denies that it breached this duty. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 51 of the Complaint.

52.     Taylor Farms admits that it generally has a duty to comply with applicable statutory and regulatory provisions. Taylor Farms denies that it breached this duty. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 52 of the Complaint.

53.     Taylor Farms admits that it generally has a duty to comply with applicable statutory and regulatory provisions. Taylor Farms denies that it breached this duty. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 53 of the Complaint.

54.     Taylor Farms admits that it generally has a duty to ensure that the food products it sells are safe and fit for human consumption as contemplated by a reasonable consumer. Taylor Farms denies that it breached this duty. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 54 of the Complaint.

55.     Taylor Farms denies the allegations in paragraph 55 of the Complaint. In response to the prayer for relief related to Count III – Negligence, Taylor Farms denies that Plaintiff is entitled to any judgment, any of the damages alleged, or any relief whatsoever.

## Negligence *Per Se* – Count IV

56.     Taylor Farms answers paragraph 56 of the Complaint as it did the allegations incorporated in it.

57.     Taylor Farms admits that it generally has a duty to comply with applicable statutory and regulatory provisions. Taylor Farms denies that it breached this duty. Except as expressly admitted herein, Taylor Farms denies all allegations, whether express or implied, in paragraph 57 of the Complaint.

58.     Taylor Farms denies the allegations in paragraph 58 of the Complaint.

59.     Taylor Farms denies the allegations in paragraph 59 of the Complaint. In response to the prayer for relief related to Count IV – Negligence *Per Se*, Taylor Farms denies that Plaintiff is entitled to any judgment, any of the damages alleged, or any relief whatsoever.

9

## RESPONSE TO PLAINTIFF'S STATEMENT OF DAMAGES

60. Taylor Farms denies the allegations in paragraph 60 of the Complaint. In response to Plaintiff's prayer for relief, Taylor Farms denies that Plaintiff is entitled to any judgment, any of the damages alleged, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

61. Taylor Farms alleges the following affirmative defenses. By alleging these affirmative defenses, Taylor Farms is not in any way conceding that it bears the burden of proof or persuasion on any of these issues. Taylor Farms reserves the right to supplement, amend, or modify these affirmative defenses, as appropriate, based on information obtained during the course of this litigation.

## First Affirmative Defense

### (Failure to State a Claim)

62. Some or all of Plaintiff's claims may be barred for failure to state a claim upon which relief may be granted.

## Second Affirmative Defense

### (Compliance with Government and Industry Standards)

63. Taylor Farms complied with all applicable statutory and regulatory provisions and industry standards regarding the production, distribution, handling, and sale of food products.

## Third Affirmative Defense

### (Failure to Mitigate)

64. Plaintiff's claims must be barred or reduced to the extent she failed, in whole or in part, to mitigate her damages, if any.

### Fourth Affirmative Defense

### (Failure of Others)

65.     Plaintiff's claims are barred as the injuries or damages allegedly sustained by her, if any, were not caused by any acts or omission of Taylor Farms. Alternatively, any recovery should be apportioned among liable tortfeasors according to relative percentages of fault according to RSMo § 537.067.

### Fifth Affirmative Defense

### (Collateral Source)

66.     Any judgment must be reduced by any collateral source, including insurance, social security, workers' compensation, or employee benefit program. Plaintiff's claims against Taylor Farms are barred, reduced, and/or limited by the doctrines of offset, recoupment, release and/or credit to the extent Plaintiff has or will recover any compensation from any collateral source. Taylor Farms is entitled to all permissible deductions and/or setoffs including all payments made by any collateral source and funds paid into settlement on behalf of any other person or entities, whether or not such persons or entities are or will be joined as parties to this action, pursuant to RSMo § 490.715.

### Sixth Affirmative Defense

### (Failure to Give Notice)

67.     Plaintiff's breach of warranty claim is barred by her failure to give notice to Taylor Farms.

### Seventh Affirmative Defense

### (Merger or Duplication)

68.     Plaintiff's breach of warranty and negligence claims are barred because they either merge with or are duplicative of Plaintiff's strict liability claim.

## Eighth Affirmative Defense

### (Failure to Join Necessary Parties)

69.     Plaintiff's claims against Taylor Farms are barred because she has failed to join essential and necessary parties, including any other person or entity liable or responsible for the matters alleged in Plaintiff's Complaint such that in the party or parties' absence, the Court cannot accord complete relief, if any, among existing parties.

## Ninth Affirmative Defense

### (State of the Art)

70.     Plaintiff's claims for strict liability for failure to warn of the dangerous condition of the leafy greens against Taylor Farms are barred under RSMo § 537.764 because the dangerous nature of the product, to the extent the product is found to be dangerous, was not known and could not be reasonably discovered at the time it was placed in the stream of commerce.

## Tenth Affirmative Defense

### (Set Off)

71.     Taylor Farms is entitled to a set-off pursuant to RSMo § 537.060 in the amount of any payments made or to be made by any joint tortfeasor.

## Eleventh Affirmative Defense

### (Substantial Alteration)

72.     Plaintiff's Complaint must fail because any products manufactured or distributed by Taylor Farms to which Plaintiff alleges exposure were substantially altered from their original condition after said products left Taylor Farms' control.

## RIGHT TO AMEND AND SUPPLEMENT

73. Taylor Farms reserves the right to amend these affirmative defenses and to assert any additional defenses as additional information becomes available through discovery.

## CROSSCLAIMS AGAINST ANTHONY COSTA AND SONS

For its crossclaims for indemnity and contribution against defendant Costa, Taylor Farms alleges as follows:

### Count I – Common Law Indemnity and Contribution

74. Plaintiff alleges that she was sickened by leafy greens contaminated with *E. coli* O157:H7.

75. Plaintiff alleges that the leafy greens were manufactured by Taylor Farms using romaine lettuce grown by Costa.

76. Plaintiff has asserted claims against Taylor Farms and Costa for strict liability, negligence, and breach of warranty, seeking recovery of compensatory damages.

77. Taylor Farms denies any and all liability to Plaintiff arising out of the allegations in the Complaint.

78. If Plaintiff sustained injuries or damages through strict liability, negligence, or breach of warranty, then those injuries arose from the acts and/or omissions of Costa.

79. If Plaintiff recovers a judgment against Taylor Farms, Taylor Farms will be entitled to complete or, alternatively, proportional indemnification from Costa under principles of equitable or common law indemnification and/or contribution.

80. If Taylor Farms is held liable to Plaintiff in any respect, its liability is secondary, derivative, and/or passive, and Costa's liability is primary.

13

81.     Jurisdiction and venue over this crossclaim are proper under 28 U.S.C. §§ 1367 and 1391(b)(2).

### Count II – Breach of Contract

82.     Taylor Farms incorporates paragraphs 74-81 above as if fully set forth herein.

83.     At all material times, Taylor Farms and Costa were parties to a grower agreement which required Costa to defend, indemnify, and hold harmless Taylor Farms and its affiliates from and against any third-party claims, losses, liabilities, lawsuits, personal injuries (including death), damages, costs, and expenses, including but not limited to attorney fees and court costs, arising from Costa's failure to comply with the agreement.

84.     The agreement further required Costa to supply romaine lettuce that was not adulterated or misbranded within the meaning of applicable law and to comply with all applicable federal, state, and local laws and regulations, including the Federal Food, Drug, and Cosmetic Act.

85.     Plaintiff alleges that Costa's lettuce was contaminated with *E. coli* O157:H7 before further processing by Taylor Farms. Lettuce contaminated with *E. coli* O157:H7 is adulterated and misbranded under applicable law.

86.     Taylor Farms denies any and all liability to Plaintiff arising out of the allegations in the Complaint. However, Plaintiff's allegations trigger Costa's indemnity and defense obligations under the applicable agreement. Moreover, to the extent Plaintiff later recovers a judgment against Taylor Farms, Taylor Farms is entitled to indemnity, including without limitation attorney fees and court costs, from Costa under the parties' agreement.

87.     Taylor Farms is entitled to a judgment declaring that Costa is obligated to defend and indemnify it against Plaintiff's claims.

WHEREFORE, having fully answered Plaintiff's Complaint and stated crossclaims against Costa, Taylor Farms prays for judgment as follows:

A.  Dismissing Plaintiff's claims with prejudice;

B.  In the event Plaintiff recovers a judgment against Taylor Farms, for a judgment against Costa for indemnification and/or contribution;

C.  For a judgment declaring that Costa is obligated to defend and indemnify Taylor Farms against Plaintiff's claims;

D.  Awarding Taylor Farms its legally recoverable costs, expenses, and attorney fees incurred in defending this action; and

E.  Granting Taylor Farms such other relief as the Court deems just and proper.

DATED this 8th day of April, 2026.

DAVIS WRIGHT TREMAINE LLP

By _____

P. Andrew McStay, Jr. (*pro hac vice*)
560 SW 10th Avenue, Suite 700
Portland, OR  97205
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
andymcstay@dwt.com

Kimberly Bousquet, #56829
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
Telephone: (314) 552-6099
Facsimile: (314) 552-7000
kbousquet@thompsoncoburn.com

Attorneys for Defendants Taylor Fresh Foods, Inc. and Taylor Farms California, Inc.